UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL ALCANTER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-02902-NCC |
| ) | |
| **MONSANTO COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (Doc. 24).  The motion is fully briefed and ready for disposition.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) (Doc. 9).  For the following reasons, Plaintiffs' Motion will be **DENIED**.

**I. Background**

Plaintiffs, 105 individuals, filed this matter for strict liability (design defect) (Count I), strict liability (failure to warn) (Count II), negligence (Count III), fraud, misrepresentation, and suppression (Count IV), and violation of the consumer fraud acts (Count V) against Defendant Monsanto Company ("Monsanto") on August 27, 2019, in the Circuit Court of St. Louis County, Missouri (Doc. 5).  Monsanto timely removed this action to this Court on October 24, 2019, based on the Court's jurisdiction of mass actions under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiffs generally seek recovery of compensatory and punitive damages for developing Non-Hodgkin Lymphoma ("NHL") and "other cancers" as a result of their exposure to Monsanto's Roundup® products.  Of the 105 Plaintiffs, at least twenty-nine have contracted "other cancers" (Doc. 24 at 1-2).  Monsanto filed its Answer to the Petition and, on February 26, 2020, the Court held a Rule 16 Conference and issued a Case

Management Order (Docs. 4, 18, 19).

On April 29, 2020, Plaintiffs filed the current Motion requesting the dismissal of this matter without prejudice (*Id.*).  Plaintiffs assert that it would be severely detrimental to the collective group of Plaintiffs with confirmed NHL diagnoses to attempt to prosecute a case involving several different "other cancers" (*Id.* at 3).  Plaintiffs argue that dismissal at this stage would not result in a waste of judicial time and effort as only a Petition and Answer have been filed and no discovery has been conducted (*Id.*).  Plaintiffs further assert that Defendants would not be prejudiced because there will be significantly fewer plaintiffs upon refiling and that if counsel refiles the cases involving the "other cancers," they would be wholly separate from the NHL claims (*Id.*).  Defendant Monsanto responds in opposition that the Motion should be denied because Plaintiffs have failed to present a proper explanation warranting dismissal and only seek to refile their claims in a more advantageous forum (Doc. 26).  Monsanto does not oppose dismissal of this action with prejudice (*Id.* at 5).

## II. Discussion

Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of actions by the plaintiff.  Rule 41(a)(1)(A) contemplates those instances in which a court order is not required including when a notice of dismissal is filed before the opposing party serves an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A).  However, if Rule 41(a)(1)(A) does not apply then an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  Fed. R. Civ. P. 41(a)(2).  The court must consider when deciding whether to allow a voluntary dismissal: (1) whether the party has presented a proper explanation for its desire to dismiss, (2) whether a dismissal would result in a waste of judicial time and effort, and (3) whether a dismissal will prejudice the defendants.  *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (citing *Thatcher v. Hanover Ins. Grp., Inc.,* 659 F.3d 1212,

2

1213 (8th Cir. 2011)).  A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court.  *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

Upon review of Plaintiffs' stated basis for voluntary dismissal and Defendant's response thereto, the Court cannot discern a sufficient reason to warrant granting the voluntary dismissal. Plaintiffs' purported reason for dismissal is to avoid harm to the collective group with confirmed NHL diagnoses if these cases were to be prosecuted together with those cases involving "other cancers."  However, as noted by Monsanto, there are other vehicles potentially available to Plaintiffs which would address this issue without engaging in improper forum shopping, including the Case Management Order already entered in this action and severance under Federal Rule of Civil Procedure 21.  Indeed, Plaintiffs explicitly indicate their intent to refile many, if not all, of the original claims in state court.  *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017) ("A plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum."). Thus, while this action is at the early stages of litigation such that a dismissal would not necessarily result in a waste of judicial resources or significantly prejudice Monsanto, the Court will not grant Plaintiffs' request for leave to dismiss this action without prejudice.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (Doc. 24) is **DENIED**.

 Dated this 2nd day of July, 2020.

                                                                       /s/ Noelle C. Collins  
                                                                      NOELLE C. COLLINS  
                                                                      UNITED STATES MAGISTRATE JUDGE