**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL ALCANTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-02902 NCC |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiffs' Motion for Voluntary Dismissal Without

Prejudice (Doc. 58).   The motion is fully briefed and ready for disposition.   The parties have

consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28

U.S.C. § 636(c)(1) (Doc. 9).   For the following reasons, Plaintiffs' Motion will be

**GRANTED**.

**I. Background**

Plaintiffs, 105 individuals, filed this matter for strict liability (design defect) (Count I),

strict liability (failure to warn) (Count II), negligence (Count III), fraud, misrepresentation,

and suppression (Count IV), and violation of the consumer fraud acts (Count V) against

Defendant Monsanto Company ("Monsanto") on August 27, 2019, in the Circuit Court of St.

Louis County, Missouri (Doc. 5).   Monsanto timely removed this action to this Court on

October 24, 2019, based on the Court's jurisdiction of mass actions under the Class Action

Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiffs generally seek recovery of

compensatory and punitive damages for developing Non-Hodgkin Lymphoma ("NHL") and

"other cancers" as a result of their exposure to Monsanto's Roundup® products (Doc. 24 at 1-

2).   Monsanto filed its Answer to the Petition and, on February 26, 2020, the Court held a Rule 16 conference and issued a Case Management Order (Docs. 4, 18, 19).

On April 29, 2020, Plaintiffs filed a Motion for Voluntary Dismissal Without Prejudice (Doc. 24).   Plaintiffs asserted that it would be detrimental to the collective group of Plaintiffs with a confirmed NHL diagnosis to attempt to prosecute a case involving "other cancers" (Doc. 24 at 3).   Defendant Monsanto responded in opposition, arguing that Plaintiffs failed to present a proper explanation to warrant dismissal and only sought to refile their claims in a more advantageous forum (Doc. 26).   The Court denied the Motion, noting that there were other vehicles available to Plaintiffs to address the issue of avoiding harm to the Plaintiffs with a confirmed NHL diagnosis (Doc. 30).

On December 1, 2020, the Court held a case status conference with the parties (Doc. 32).   On April 20, 2021, the parties submitted a Joint Status Report (Doc. 35) requesting that this matter be removed from the Court's trial docket as the parties finalized resolution of this case.   (*Id.*)   The Court canceled the final pretrial conference and the scheduled trial, ordering the parties to submit a joint status report every ninety (90) days and to promptly notify the Court upon resolution of this matter (Doc. 36).   The parties proceeded to file six (6) Joint Status Reports over the course of a year and a half with nearly identical updates: the parties "represent to this Court that a master settlement agreement has been signed and resolution is pending" but that "the Parties anticipate that it may take several months before a proposed order of dismissal is filed with this Court." (Docs. 38, 41, 44, 47, 49, 51).

The Court held another case status conference with the parties on March 14, 2023 (Doc. 54).   The Court ordered Defendant to provide a response to Plaintiffs within thirty (30) days of the March 14, 2023 order as to whether Defendant would object to dismissals without

2

prejudice for plaintiffs with claims related to "other cancers" that are not NHL (Doc. 56). Defendant has not responded as ordered.

On May 12, 2023, Plaintiffs filed the current Motion requesting the dismissal of this matter without prejudice as to twenty-seven (27) Plaintiffs that developed "other cancers" besides NHL (Doc. 58), explaining that the settlement reached between the NHL Plaintiffs and Defendant does not include Plaintiffs with "other cancers" given available scientific support regarding glyphosate, the active ingredient in Roundup®, and cancers other than NHL (*Id.* at 2).

Additionally, Plaintiffs assert that a denial of the motion will waste judicial time and effort by allowing these claims to remain unnecessarily on the Court's docket, and that Defendant would not likely face real prejudice if the "other cancer" plaintiffs are dismissed. Plaintiffs finally argue that because Defendant was to "provide a response to Plaintiffs as to whether Defendant will object to dismissal without prejudice" of plaintiffs with "other cancers" no later than thirty (30) days from the date of the March 14, 2023 order (Doc. 56), and several weeks have passed since that deadline without a response from Defendant, that Defendant's inaction should be taken as Defendant's consent to, or a waiver of any opposition to, the dismissals without prejudice of the twenty-seven (27) "other cancers" Plaintiffs (Doc. 58 at 3).

## II. Discussion

Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  Fed. R. Civ. P. 41(a)(2).   The court must consider when deciding whether to allow a voluntary dismissal: (1) whether the party has presented a proper explanation for its desire to dismiss, (2)

whether a dismissal would result in a waste of judicial time and effort, and (3) whether a dismissal will prejudice the defendants.  Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.  *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (citing *Thatcher v. Hanover Ins. Grp., Inc.,* 659 F.3d 1212, 1213 (8th Cir. 2011)).  A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court.  *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

The Court will grant the Motion.  Plaintiffs have presented a proper explanation for their desire to dismiss.  Plaintiffs' purported reason for dismissal is to avoid wasting judicial time and effort by pursuing claims deemed non-compensable in the parties' settlement.  Furthermore, dismissal of these twenty-seven (27) Plaintiffs would not result in a waste of judicial time or effort as the Court has not expended significant judicial resources on this matter because the case has not progressed beyond the pleading stage.  Finally, Defendant has failed to raise any argument that it would suffer prejudice.  Prejudice does not arise simply because a second action may be filed against the defendant, which is often the point in dismissing a case without prejudice.  *Thatcher,* 659 F.3d at 1214 (citing *Brown v. Baeke,* 413 F.3d 1121, 1123 (10th Cir. 2005)).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (Doc. 58) is **GRANTED**.  A partial order of dismissal will accompany this order.

**IT IS FURTHER ORDERED** that this matter is set for a status conference on **Thursday, September 7, 2023**, at 11:00 a.m. by videoconference. Counsel of record will

receive an email with a link to join the videoconference.


_____
HON. NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of August, 2023.